UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Thompson, et al                                                                        Civil Action No. 15-02288

versus                                                                                     Judge Rebecca F. Doherty

Ackal, et al                                                                Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Currently pending is a Motion to Dismiss the Claims Of Plaintiff's Second Amended Complaint Pursuant To Rule 12(b)(6) filed by defendant, Iberia Parish Government ("Iberia Parish"), [Rec. Doc. 52] and a Response In Opposition filed Tyree Thompson, the Administrator on behalf of Yulanda Thompson Succession ("Plaintiff"), [Rec. Doc 62].

On January 20, 2016, this Court conducted oral argument on the Medical Defendants' Motion To Dismiss Plaintiff's Claims. *R. 47*. At the hearing, Plaintiff made an oral motion to amend the Complaint and First Amended Complaint to attach the Agreement between Emerald Healthcare Systems, LLC, Iberia Parish and the Iberia Parish Jail. *Id.*  The Court granted the oral motion and Plaintiff filed the Second Amended Complaint on January 25, 2016. *R. 51*.

Iberia Parish filed this motion on February 1, 2016 reasserting the arguments it had made in its Motion To Dismiss Plaintiff's claims against it, *R. 21*. On February 2, 2016, the undersigned issued a Report and Recommendation finding that "the factual allegations set forth in Plaintiff's Complaint [and Amended Complaint] are sufficient to state a plausible claim as to whether medical services and personnel were adequate at the Iberia Parish Jail such that Daquentin's constitutional right to adequate medical and mental health care was violated under § 1983." *R. 53*.

Plaintiff's Second Amended Complaint made no material change to the facts pleaded in the original Complaint. The undersigned did not consider the Second Amended Complaint in its report and recommendation on Iberia Parish's Motion to Dismiss. Iberia Parish makes no new arguments in the motion at bar. Accordingly, the undersigned will recommend that the Motion be denied.

*Conclusion and Recommendation*

For the reasons set out above, it is the recommendation of the undersigned that the Motion To Dismiss filed by defendant Iberia Parish Government [Rec. Doc. 52] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 9th day of March, 2016, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

COPY
DATE: 3/10/16
BY:
TO: RFD, ea

2