UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Thompson, et al                                                              Civil Action No. 15-02288

versus                                                                            Judge Rebecca F. Doherty

Ackal, et al                                                              Magistrate Judge Carol B. Whitehurst

REPORT AND RECOMMENDATION

Currently pending is a Partial Motion to Dismiss Second Amended Complaint filed by defendants Emerald Health Care Systems, LLC ("Emerald"), Steve Afeman ("Afeman"), Burt Bujard, M.D. ("Dr. Bujard"), Eva Fontenot, L.P.N. ("Nurse Fontenot"), and Jessica Joe, L.P.N. ("Nurse Joe") (collectively "the Medical Defendants") [Rec. Doc. 58], a Response In Opposition filed by Tyree Thompson, the Administrator on behalf of Yulanda Thompson Succession, ("Plaintiff") [Rec. Doc. 63] and a Reply thereto [Rec. Doc. 65].

On January 20, 2016, this Court conducted oral argument on the Medical Defendants' Motion To Dismiss Plaintiff's Claims. *R. 47.* At the hearing, Plaintiff made an oral motion to amend the Complaint and First Amended Complaint to attach the Agreement For General Health Services between Emerald, Iberia Parish Government and Iberia Parish Sheriff, executed by all parties on January 14, 2011 ("Agreement"). The Court granted the oral motion and Plaintiff filed the Second Amended Complaint on January 25, 2016, attaching the Agreement to the Complaint as Exhibit "A." *R. 51-1.*

The Medical Defendants filed this motion on February 5, 2016 reasserting the arguments made in the original motion to dismiss, discussing specific provisions of the Agreement and exhibits

they attached to their original motion, and referencing publications by the National Commission on Correctional Health Care ("NCCHC") which they attach to the motion at bar. *R. 58, 58-1–58-4.* The undersigned will deny the Medical Defendants' motion for the following reasons.

First, Plaintiff's Second Amended Complaint made no material changes to the facts pleaded in the original Complaint. Also, as provided in the Report and Recommendation, the undersigned considered the pertinent jurisprudence related to documents attached to a motion to dismiss, such as Defendants' exhibits, and concluded it would not use its discretion to consider the documents in its analysis. *See Ace American Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D.Tex.,2008). As to the NCCHC documents attached to this motion, they are not referred to in Plaintiff's Complaints and, while they may be instructive in a motion for summary judgment, are not appropriately considered in this 12(b)(6) motion. Finally, as Plaintiff's Amended Complaint raises no new allegations, the Medical Defendants' reassertion of their qualified immunity defense and defense of the medical malpractice claim will be denied.[1]

*Conclusion and Recommendation*

For the reasons set out above, it is the recommendation of the undersigned that the Partial Motion to Dismiss Second Amended Complaint filed by the Medical Defendants [Rec. Doc. 58] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[1] The Medical Defendants' reassertion of these claims is essentially a backdoor attempt to file a surreply.

within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 9th day of March, 2016, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

COPY
DATE: 3/10/16
BY:
TO: RFD