UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Thompson, et al                                         Civil Action No. 15-02288

versus                                                  Judge Rebecca F. Doherty

Ackal, et al                                            Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Currently pending is a Motion to Dismiss the claims asserted by Tyree Thompson, the Administrator on behalf of Yulanda Thompson Succession ("Plaintiff"), against Robert Nugent, pursuant to Federal Rule of Civil Procedure 12(6) [Rec. Doc 73]. The motion was referred to the undersigned for ruling. For the following reasons, the undersigned will recommend that the motion be granted.

*I. Background*

This case arises out of the October 26, 2014 death of Plaintiff's son, Daquentin Thompson, following his August 2014 arrest and detention at the Iberia Parish Jail on September 11, 2014. Plaintiff filed this action against numerous defendants on the basis that Daquentin died as a result of the defendants' deliberate indifference to Daquentin's serious medical needs.

In the original Complaint, Plaintiff named the "Emerald Healthcare Systems Mental Health Worker" as "J. Doe #4." *R. 1, ¶ 15*. On October 13, 2015, Plaintiff

filed a Motion for Pre-Rule 26(f) Conference Discovery Regarding the John Doe Defendants. *R. 8.* The Court granted the Motion and requiring defendant Emerald Healthcare systems, LLC ("Emerald") to produce the identity of the "John Doe" employees including "the Mental Health Worker employed by Emerald to work at the Iberia Parish Jail" during the period in question. *R. 16, 17.* In the First Amended Complaint filed on October 26, 2015, Plaintiff substituted the "John Doe" defendants, including "John Doe #4" with the name "Robert Nugent," pursuant to Emerald's discovery responses. *R. 18, ¶ 8.* While Plaintiff made no other allegations related to J. Doe #4 or Robert Nugent in the Complaint or First Amended Complaint, Plaintiff attached and incorporated the Agreement For General Health Services between Emerald and the Iberia Parish Government and Sheriff to the Second Amended Complaint. *R. 1, 18, 51-1.* The Agreement provides in pertinent part:

> Q. **Mental Health Services**
>
> Emerald will provide eight hours per week of a Mental Health Worker, who will assist Health Services Staff in assessment and referral of identified Inmates to offsite mental health services.... Mental Health Services will include:
>
> . . .
>
> e.  One day per week of Mental Health Services and referral to local Mental Health Resources. <u>Emerald will provide a Mental Health Worker one day per week, to assess referred Inmates for further treatment. The Mental Health Worker will refer the patient either to the facility Physician or off-</u>

<blockquote>site mental health resources.</blockquote>

*R. 51-1, pp. 14-15.*

Nugent filed this Motion to Dismiss under Rule 12(b)(6) claiming he was in retirement during the period of time at issue in this case. Nugent's motion was set on the Court's April 20, 2016 motion day with oral argument. The Court ordered counsel for Emerald to attend the hearing as Nugent was represented by separate counsel. At the hearing, the Court ordered Emerald to subpoena and produce the records indicating the identity of Emerald's employee who held the "Mental Heath Worker" position during the period in question. *R. 88.* The Court deferred ruling on Nugent's Motion to Dismiss until Emerald's production of the documents. *Id.*

## II. Motion To Dismiss Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007).

Conclusory allegations and unwarranted deductions of fact, however, are not accepted as true, *Collins*, 224 F.3d at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id. at 555,* and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009).

### III. Analysis

In his Motion to Dismiss, Nugent argues that Plaintiff has made no allegations against him. He states that Plaintiff's complaint does not contain sufficient factual matter to state a plausible claim against him. Nugent attaches to his motion a letter dated March 11, 2013 which states that his application for retirement was submitted to the Louisiana State Employees' Retirement System and the effective date of his retirement is April 1, 2013. *R. 72-2*. Nugent contends the events relevant to any liability against him occurred well after he retired; therefore, Plaintiff has failed to establish he was involved in the incidents that allegedly began in August 2014.

Plaintiff argues that Nugent was named as Emerald's "Mental Health Worker" at the Iberia Jail "based entirely on Emerald's representations in court ordered discovery responses." *R. 78, p. 3*. The record provides that this Court granted Plaintiff's Motion for Discovery Prior to Rule 26(f) "solely for the purpose of discovering the names of IPSO and/or Emerald Healthcare Systems employees whose actions or inactions contributed to the death of Daquentin Thompson on October 26,

5

2014." *R. 8, 17.* On October 26, 2015, counsel "on behalf of Emerald" provided their "good faith effort to obtain the identity of the individuals who held ... the identity of the individual working as a Mental Health Worker at the Iberia Parish Jail" in September through October of 2014. *R. 78-1.* Counsel stated that Dr. Bujard "recalls that a Robert Nugent of the Iberia Mental Health Clinic was the Mental Health Worker at the jail." *Id.* On that day, Plaintiff filed the First Amended Complaint replacing J. Doe #4 with Nugent's name. *R. 18.*

With knowledge of the foregoing, the Court conducted oral argument on April 20, 2016. At the hearing, the Court noted Plaintiff's suggestion that Emerald's inability to identify the person fulfilling its contractual agreement with the Iberia Parish defendants indicates there was no Mental Health Worker during that period. The Court expressed concern as to the integrity of Emerald's discovery information in response to the Court's order on the motion for discovery. The Court ordered counsel for Emerald to provide complete and good faith discovery responses as to the Mental Health Worker, who assisted Emerald's Staff pursuant to Emerald's Agreement with the Iberia Parish Government and Sheriff at the Iberia Parish Jail from August 1, 2014 through October 26, 2014.

On May 16, 2016, Emerald emailed the Court a copy of its letter to Plaintiff in compliance with the Court's order. (*Attached hereto and made a part hereof).* Based

6

on Emerald's representation that it has "not located any documentation regarding an employee with the title of 'Mental Health Worker' during the relevant time period," the Court issues this report and recommendation on Robert Nugent's Motion to Dismiss.

*Conclusion and Recommendation*

For the reasons set out above, it is the recommendation of the undersigned that the Motion To Dismiss filed by defendant Robert Nugent [Rec. Doc. 73] be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

  Signed May 23, 2016 at Lafayette, Louisiana.

                _____
                CAROL B. WHITEHURST
                UNITED STATES MAGISTRATE JUDGE