UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Thompson, et al                                       Civil Action No. 15-02288

versus                                                Judge Rebecca F. Doherty

Ackal, et al                                          Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Currently pending is Defendant, Amanda Frederick, L.P.N.'s ("Nurse Frederick"), Motion To Dismiss the claims against her [Rec. Doc. 95], a Response In Opposition filed by Plaintiff, Tyree Thompson, the Administrator on behalf of Yulanda Thompson Succession ("Plaintiff"), [Rec. Doc 99], and a Reply thereto [Rec. Doc. 108]. The Motion was referred to the undersigned for ruling. Oral argument was conducted on August 17, 2016.  For the following reasons, the undersigned will recommend that the motion be granted in part and denied in part.

*I.  Factual Background*

Plaintiff alleges claims under 42 U.S.C. § 1983 and state law against Nurse Frederick, related to the death of detainee Daquentin Thompson ("Daquentin") while he was in custody at the Iberia Parish Jail ("Iberia Jail"). As the Court has stated the entirety of the facts of this case in previous orders, the Court will limit the factual background to the claims against Nurse Frederick.

Plaintiff alleges, on August 1, 2014, his 16–year–old brother, Daquentin Thompson ("Daquentin"), was seen by his primary care physician at Pediatric Group of Acadiana, who noted that Daquentin was doing well on a combination of Adderall, Vyanase and Vistaril. Thereafter in August 2014, Daquentin was arrested and transported to the Assumption Parish Youth Detention Center ("Youth Center"). On August 2, 2014, upon his intake at the Youth Center, Daquentin's diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD") was noted, however, only his prescription for Vistaril was continued. On September 1, 2014, Daquentin attempted suicide by tearing his blanket and wrapping it around his neck. The medical staff at the Youth Center placed Daquentin on suicide watch.

Following indictment for aggravated rape, Daquentin was transferred to the Iberia Parish Correctional Facility ("Iberia Jail") as a pre-trial detainee on September 11, 2014. The following day, Nurse Frederick, a nurse provided by defendant, Emerald Healthcare Systems, LLC ("Emerald"), conducted a medical intake summary of Daquentin. Using Emerald's "Treatment Plan, Special Needs and Restrictions" form, designed to note specific housing restrictions, Plaintiff alleges Nurse Frederick failed to mark that Daquentin was an "Adolescent in Adult Facility." Also, although Daquentin had signed an authorization to release his medical records from his other healthcare institutions, Nurse Frederick never requested medical records from his

medical and mental healthcare providers (the Youth Center or Pediatric Group of Acadiana). As none of his medical records were obtained, Daquentin's prior suicide attempt was not known. Plaintiff alleges that Nurse Frederick's inactions, along with the actions and inactions of other Emerald employees, constituted deliberate indifference to Daquentin's medical and mental health needs which caused/led to his suicide.

## II. Motion To Dismiss Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) . Conclusory allegations and unwarranted deductions of fact, however, are not accepted as true, *Collins*, 224 F.3d at 498, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id. at 555,* and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009).

*III. Analysis*

In the Second Amended Complaint, *R. 51*, Plaintiff argues that Nurse Frederick acted under color of state law to deprive Daquentin of his due process right to adequate health care under the Fourteenth Amendment by acting with deliberate indifference to Daquentin's medical and mental health needs thereby causing his death. As the Court has previously established that Plaintiff has generally alleged such a Constitutional violation, *R. 70,* the issue is whether Plaintiff's allegations against Nurse Frederick state a claim against her, individually, for violation of deliberate indifference under § 1983. The Court will also determine whether Plaintiff adequately alleged claims against Nurse Frederick for malpractice and negligence. These claims are addressed in turn as follows.

*A. Deliberate Indifference*

Plaintiff alleges that Nurse Frederick was deliberately indifferent to Daquentin's obvious need for protection from self-inflicted harm. It is well-settled in the law that "a state official's episodic act or omission violates a pretrial detainee's due process rights to medical care [and protection from harm] if the official acts with subjective deliberate indifference to the detainee's rights." *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000). "Under the Fourteenth Amendment, jail officials must adequately protect pretrial detainees from their known suicidal impulses.

Jail officials violate this constitutional right if they had actual knowledge of the substantial risk of suicide and responded with deliberate indifference." *Branton v. City of Moss Point*, 261 Fed.Appx. 659, 661 (5th Cir. 2008).

Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Even under the objective standard, liability requires more than unintentional negligent oversight or even gross negligence; there must be a deliberate choice. *City of Canton*, 489 U.S. at 388, n. 7; *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010). It is well-settled "that negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Jacobs*, 228 F.3d at 395. Accordingly, to be considered deliberately indifferent to a known suicide risk, an officer's acts must constitute at least more than a mere "oversight." *See Lemoine v. New Horizons Ranch and Center, Inc.*, 174 F.3d 629, 635 (5th Cir.1999) (noting that "oversight" in administration at juvenile behavior modification camp where deceased plaintiff died of heatstroke was not sufficient to demonstrate anything more than negligence). Here, Plaintiff must establish that Nurse Frederick was aware of a substantial and significant risk that Daquentin might kill himself, but effectively disregarded it.

Plaintiff alleges that Frederick failed to note that Daquentin was an "Adolescent in Adult Facility" and failed to request his medical records from other healthcare

institutions pursuant to the signed authorization to release his records. Defendant contends that Nurse Frederick's only actual involvement in this case is that she completed the medical intake summary of Daquentin the day after he arrived at the jail and after the Jail Officer had completed the Intake Booking Division Health Screening Form. Frederick recorded that Daquentin stated (1) he had no current mental problems needing attention; (2) the only medication he was taking was Vistaril; and, (3) he had no history of mental illness. She asserts that Daquentin answered every question "no" —which, "in doing so, he affirmatively stated that he had never thought about killing himself, that he had never tried to kill himself, that he did not want to kill himself at the time, and that he did not want to kill anyone else." *R. 95, p. 3*. Nurse Frederick argues this procedure and the answers provided relieves her of any duty to inquire into Daquentin's history. She further contends that she wrote down his birth date in 4 places —relieving her of any duty to indicate he was an Adolescent in an Adult Facility. Nurse Frederick contends because she had no "subjective knowledge of a substantial risk of serious harm" she cannot be liable for deliberate indifference to that risk. "Plaintiff's allegations against Nurse Frederick suggest simple negligence at best." *R. 95, p. 6.*

The deliberate indifference standard requires the court to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent

oversights." *Southard v. Tex. Bd. Of Crim Justice*, 115 F.3d 539, 551 (5th Cir. 1997). While Nurse Frederick's action of simply reading the questionnaire and noting whether Daquentin expressed suicidal ideation or not fell woefully short of a "psychiatric assessment," Plaintiff makes no allegation that Nurse Frederick knew or was aware that Daquentin had actually attempted suicide before. Based on clear Fifth Circuit law, Plaintiff has failed to allege a plausible claim for deliberate indifference against Nurse Frederick.

*B. Medical Malpractice*

Plaintiff's medical malpractice allegation states that the actions and inactions of Emerald's employees, including Nurse Frederick, "fell beneath the applicable standard of care for such professional[] and resulted in Daquentin's death." *R. 1, ¶ 77.* In a medical malpractice action, the plaintiff must prove three elements: (1) the degree of knowledge or skill required by doctors in the same field in a similar locale; (2) that the defendant physician lacked or failed to utilize that standard of care; and (3) that the defendant's conduct was the proximate cause of the plaintiff's injury. *See* La. R.S. 9:2794. Plaintiff's allegations that Frederick failed in her duty to properly question Daquentin as to his suicidal tendencies and complete the intake form are merely conclusory. Plaintiff makes no allegation that a Licensed Practical Nurse, such as Nurse Frederick, should have the level of knowledge or skill that would allow her to identify

a potential suicide victim. Plaintiff has failed to allege a plausible medical malpractice claim against Nurse Frederick.

C. *Negligence*

Generally, Plaintiff's Complaint asserts that Nurse Frederick, along with the other Emerald employees, were negligent in that they 1) engaged in conduct and conspired to engage in conduct that caused injury and harm to Daquentin and led to his death; 2) acted intentionally, maliciously, recklessly, and/or negligently towards him; and 3) had the duty and ability to intervene to prevent the tortious conduct of co-defendants toward Daquentin but failed to do so. *R. ¶ 78*. Plaintiff's factual allegations that Nurse Frederick committed actionable wrongful conduct under Louisiana Civil Code Article 2315 provide that she negligently failed to adequately assess and evaluate Daquentin's medical and mental conditions and failed to alert the Iberia Jail officers that he was an adolescent and should not be place in adult housing. Plaintiff alleges Nurse Frederick's negligent actions and inactions led to Daquentin's death by suicide.

"Under Louisiana jurisprudence, most negligence cases are resolved by employing a duty/risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); 2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact

9

of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element)." *Hanks v. Entergy Corp.*, 944 So.2d 564, 579 (La.,2006).

Under Louisiana law, prison authorities owe a duty to inmates to provide reasonable medical care. *Corley v. Prator*, 290 Fed.Appx. 749, 753 (5th Cir.2008). "[As] medical professionals, nurses are subject to the same standard as doctors. *Davis v. Federal Bureau of Prisons*, 2009 WL 5083404, at *2 (W.D.La.,2009) (J. Drell) (citing, *inter alia*, *Estate of Adams v. Home Health Care of Louisiana*, 99-CA-1263 (La.App. 5th Cir.7/25/2000), 767 So.2d 855.

Plaintiff alleges that Nurse Frederick, as the Iberia Jail intake nurse, was the only medically-trained person who screened Daquentin for mental health issues upon his arrival. *R. 1, ¶¶ 26, 27*. Plaintiff further alleges that Nurse Frederick failed to properly question and assess Daquentin's medical and mental health using the Emerald intake questionnaire and failed to properly indicate on the housing restrictions form that Daquentin was an "Adolescent in Adult Facility." *Id at ¶ 27*. In particular, Plaintiff alleges that Nurse Frederick failed to question Daquentin as to his medical history and his use of the prescribed drug, Vistaril. Finally Plaintiff alleges that Nurse Frederick did not request Daquentin's prior medical records from the youth detention center or

his treating physician, despite having a signed form giving authority to do so. *Id.* Plaintiff alleges that as a result of these inactions, neither the medical staff nor the Iberia Jail officers were ever advised of Daquentin's suicide attempts and he was never perceived as a suicide risk nor received any care for his mental issues. Moreover, as a result of Nurse Frederick's failure to alert the jailers that he was a 16-year-old adolescent, he was placed in the adult facility which used the color pink to humiliate the inmates/detainees. Plaintiff alleges that all of these inactions ultimately contributed and/or caused Daquentin's suicide.

Just as defendant herself contends that "at best" her actions constituted negligence, the undersigned finds, upon considering the factual allegations in the Second Amended Complaint as true, Plaintiff has alleged a plausible claim for negligence against Nurse Frederick. *See generally Burns v. Robertson County*, 2016 WL 3258370, at *2 (M.D.Tenn., 2016) (the court considered the county jail intake nurse's performance where the juvenile detainee committed suicide while in the jail).

*D. Qualified Immunity*

Defendant also asserts that she is entitled to qualified immunity in this action. First, the Court has already ruled that qualified immunity as to a health care professional can not and should not be determined in a motion to dismiss. The Court previously stated:

> The court's analysis in *Cheek v. Nueces County Texas*, 2013 WL 4017132 (S.D.Tex.,2013), as well as the opinions of other circuits that deny qualified immunity in similar circumstances weigh heavily against finding that the Medical Defendants are entitled to the defense of qualified immunity. *Richardson v. McKnight*, 521 U.S. 399 (1997), directs that the Court must conduct a fact-intensive analysis in order to determine whether or not the Medical Defendants are entitled to assert qualified immunity. Such an analysis must be made under a Rule 56 motion, and therefore, this motion under Rule 12(b)(6) is not the proper vehicle to make that factual analysis.

*R. 70, p. 26*. Regardless of the Court's ruling, however, the undersigned has found that Plaintiff failed to allege a plausible claim of deliberate indifference against Nurse Frederick, and therefore, Defendant's motion for qualified immunity is moot.

## IV. Conclusion

Based on the foregoing, the undersigned recommends that Defendant, Amanda Frederick, L.P.N.'s Motion To Dismiss [Rec. Doc. 95] be GRANTED IN PART and that the § 1983 and medical malpractice claims be DISMISSED WITH PREJUDICE and DENIED IN PART as to the state law negligence claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 24th day of August, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE