UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| YULANDA THOMPSON,<br>    Plaintiff | * CIVIL DOCKET NUMBER: 15-cv-2288<br>*<br>* |
| VERSUS | *<br>* JUDGE: Rebecca F. Doherty<br>* |
| IBERIA PARISH, ET AL.<br>    Defendants. | *<br>* MAG: Carol B. Whitehurst<br>*<br>* |
| ******************************* | * |

**RULE 26(F) Report – PHASE I**

Trial Date: Not yet set

Pretrial Conference Date: Not yet set

Type of Trial:  X  JURY       ___  BENCH

Estimated length of trial is   7    court days.


1. **Participants**:

A meeting of counsel was held on October 24, 2016, by telephone.  The following persons participated:

Elizabeth Cumming and Stephen Haedicke on behalf of the plaintiff.

Monica Frois on behalf of Emerald HealthCare Systems and the Medical Defendants (hereinafter referred to as "Medical Defendants").

Fred Schroeder on behalf of Louis Ackal and Iberia Parish Sheriff's Office Defendants (hereinafter referred to as "Iberia Parish Sheriff's Office Defendants").

Catherine Landry on behalf of Iberia Parish.

2. **Affirmation Regarding Initial Disclosures:**

Initial disclosures have not yet been made in this case. The parties have agreed to an initial disclosure date of November 16, 2016.

3. **Jurisdictional Basis**:

The plaintiff has brought this action under federal civil rights statute 42 U.S.C. Sec. 1983,

invoking federal question jurisdiction under 28 U.S.C. Sec. 1331. There are additional claims which the plaintiff contends are substantially related to the principal claims which this Court would not otherwise have jurisdiction over, e.g., wrongful death claim, survival actions, medical malpractice claim. The plaintiff asks this Court to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. Sec. 1367.

4. **Brief Description of Claims:**

Daquentin Thompson was transferred to the Iberia Parish Jail on September 11, 2014. He had a history of diagnosed mental illness and serious suicide attempt just a few days prior to his transfer to the jail. Daquentin reported at least twice that he was suicidal to Defendant LPN Fontenot, but he never received an evaluation by a competent mental health professional. Instead, Daquentin suffered excessive force by Lt. Trahan and Sgt. Fitch, who also disregarded his expressions of suicidal intent. The contractual medical provider, Emerald HealthCare Systems, Iberia Parish, the Iberia Parish Sheriff's Office (IPSO) all failed to provide appropriate and constitutionally adequate mental health care at the Iberia Parish Jail, which resulted in the failures to adequately treat Daquentin. As a result, plaintiff's claims include:

a) Failure to provide adequate mental health care;
b) Use of excessive force;
c) Failure of Emerald HealthCare Systems and Iberia Parish Sheriff's Office to supervise and/or train Iberia Parish Jail personnel;
d) Failure to accommodate Daquentin's disability;
e) Establishment of a pattern and practice of deficient medical and mental health care;
f) Medical Malpractice
g) Negligent conduct of each defendant

5. **Brief Statement of Responses:**

*Iberia Parish Sheriff and IPSO Defendants:*

The sheriff and the named deputies deny that they were aware that the decedent Daquentin Thompson was suicidal prior to his death. When questioned about previous statement expressing suicidal ideation, he stated that he was not serious and that he was joking. The defendants deny any fault on their part in connection with this incident. Defendants contend that decedent was provided with medical attention when he requested same. Defendants deny that any excessive force was ever used on the decedent during his incarceration in the Iberia Parish Jail.

*Medical Defendants:*

The Medical Defendants maintain that Daquentin Thompson was provided appropriate care during his incarceration. The information provided upon intake by Thompson to both Deputy Jackson and Emerald, through Nurse Frederick, reflects that Thompson did

not have any prior history of suicide, suicidal ideation, any suicide attempts or serious mental health illness. In fact in the health questionnaire completed and signed by Thompson, he stated that he did not have any history of prior suicide attempts, attempts at harming himself, suicidal ideation, or thoughts of hurting himself or others. Thompson did not identify any ongoing psychiatric or medical treatment other than a history of ADHD. Thompson also denied taking any prescription medicine other than medicine for ADHD. Dr. Bujard appropriately maintained Thompson on Vistaril, the medication that Thompson was prescribed for his ADHD before being transported to the Iberia Parish Jail (the "Jail"). However, Dr. Bujard was not aware of Thompson being transferred and had no knowledge of his prior prescriptions aside from the notation on Thompson's Intake Summary completed by Nurse Frederick indicating that Thompson was taking Vistaril. There is no evidence that Emerald knew or should have known, as alleged by the plaintiff, that Thompson had previously taken Adderall or Vyanase or that such medications were medically appropriate for him while incarcerated at the Jail. The Medical Defendants deny that Thompson identified, upon his intake or otherwise, any prior or current treating healthcare providers from which it was legally obligated to obtain medical records.

The Medical Defendants deny that they had the requisite information about the Assumption Parish Detention Center (the "transferring facility") or knew of the existence of all the documents. The Medical Preliminary Screening, which was conducted before Thompson's booking by a Sheriff's Deputy, does not have the "Transferred from another facility" box checked off, providing the Medical Defendants with no indication that Thompson was transferred. Additionally, the Sixteenth Judicial District Court's Order to transport Thompson from the Assumption Parish Detention Center to the Jail did not include any instruction to transfer Thompson's records to the Jail. The Medical Defendants deny that it is their legal responsibility to identify and obtain records from transferring facilities for incarcerated inmates. The Medical Defendants deny that the records from the transferring facility contain evidence that Thompson was taking Adderall or Vyanase. The Medical Defendants also deny the plaintiff's allegations that the records from the transferring facility document an actual, overt suicide attempt

The Medical Defendants deny that Thompson reported prior suicidal threats or suicidal intent to Nurse Fontenot. On one occasion during med pass, Thompson told Nurse Fontenot that he was joking about suicide. On the second occasion when Thompson mentioned suicide, Nurse Fontenot questioned him and then notified the appropriate Sheriff's personnel at the Jail, who informed Nurse Fontenot that Thompson again said that he was joking and he did not want to commit suicide.

The Medical Defendants deny that they had any knowledge or legal responsibility for the alleged abuse, excessive force, and civil rights violations by the IPSO, IPSO deputies, and/or Iberia Parish. The Medical Defendants deny that any requests or need for medical and mental health treatment were ignored as it relates to Thompson or otherwise. The Medical Defendants deny that any such requests were made by Thompson.

3

The Medical Defendants deny that they acted unreasonably and/or with deliberate indifference and disregard for the safety of Thompson. The Medical Defendants deny that they violated any of Thompson's rights or engaged in a conspiracy or course of conduct to deprive him of any rights or that they were complicit or had knowledge of any policy, pattern, or practice concerning deprivation of prisoner's rights or abuse at the IPSO or the Jail. The Medical Defendants deny that Thompson has privity of contract with Emerald. The Medical Defendants contend that Emerald and the Individual Medical Defendants complied with the applicable contractual provisions, as amended, at all times. The Medical Defendants further contend that the IPSO and the Iberia Parish Government were aware that inmates were taken off site for mental health treatment; the IPSO arranged for their transport. Finally, the Sheriff was the ultimate policy maker with regard to medical services at the Jail pursuant to Louisiana law and, accordingly, is ultimately responsible for any deficiencies in the health care services provided pursuant to and consistent with those policies.

This court has dismissed without prejudice the plaintiff's claim for medical malpractice against Dr. Bujard, and that claim is currently pending before a medical review panel. This court has dismissed with prejudice the plaintiff's Section 1983 claim, medical malpractice claim, and intentional tort claim against Nurse Frederick.

The Medical Defendants maintain that their actions complied with the applicable standard of care, and certainly do not rise to the level of negligence, intentional fault, medical malpractice, or violations of Section 1983 of the Civil Rights Act.

The Medical Defendant addressed the legal insufficiency of plaintiff's Section 1983 claims in briefing on their motions to dismiss and intend to present those issues to the court in connection with motions for summary judgment after discovery.

*Iberia Parish:*

The Iberia Parish Government denies any allegations that it negligently or in violation of Daquentin's constitutional rights contracted for inadequate mental or medical health care at the Iberia Parish Jail. Rather, the Iberia Parish Government upheld its statutory obligation to contract with a medical provider to provide medical services at the jail including its financial responsibility to fund the services provided in the contract. With regard to Plaintiff's other allegations against the Defendants, the Iberia Parish Government did not have a statutory obligation to operate or monitor the day to day operations at the jail. Thus, to the extent Plaintiff's claims against the Parish arise out of such alleged claims, Plaintiff has no cause of action against the Parish.

6. **Anticipated Witness List:**

*Anticipated Preliminary Witness List for Plaintiff*:
   a) All defendants
   b) Tyree Thompson
   c) Possible experts to be named;
   d) Possible witnesses to be named;

e) medical personnel for Emerald HealthCare Systems
f) deputies employed at Iberia Parish Jail;
g) Any other witness called by any of the other parties
h) Any witness identified in the course of discovery in this matter;
i) Any witness necessary for the purpose of authentication of any exhibit.

*Anticipated Preliminary Witness List for Iberia Parish*:
a) Tyree Thompson
b) Daquentin Thompson's medical providers
c) Daquentin Thompson's teachers
d) Daquentin Thompson's juvenile probation officer or similar individual
e) Sheriff Louis Ackal
a) Chief Deputy Richard Hazlewood
b) Warden Paul Scott
c) Lt. Trahan
d) Lt. Eric Blanchard
e) Sgt. Adam Fitch
f) Sgt. Courtney Leblanc
g) Deputy H. Henry
h) Deputy Hippler
i) Deputy Keith Moneaux
j) Steve Afeman
k) Dr. Burt Bujard
l) Eva Fontenot
m) Camisha Jackson
n) Glenn Hebert
o) Jean Brock
p) Michael Broussard
q) Amanda Frederick
r) Any experts
s) Any other person who provided medical services to the Iberia Parish Jail under the Emerald contract
t) The Iberia Parish Government reserves its right to name additional witnesses as discovery in this matter proceeds.

*Anticipated Preliminary Witness List for Iberia Parish Sheriff's Office Defendants:*
a) Keith Moneaux
b) Courtney LeBlanc
c) Eric Blanchard
d) Paul Scott
e) Adam Fitch
f) Robert Hippler
g) Robert Odinet
h) Kevin Thomas
i) Eugene Williams
j) Beatrice St. Julien

5

k) A. Davis
l) Eva Fontenot
m) Camisha Jackson
n) Hannah Henry
o) Deputy Joseph
p) Deputy Williams
q) Deputy Musemech
r) Louis Ackal
s) Richard Hazlewood
t) Burt Bugard
u) Glenn Hebert
v) Jean Brock
w) Michael Broussard
x) Amanda Frederick
y) Former Lietenant Trahan
z) Any witness listed by any other party hereto

*Anticipated Preliminary Witness List for Medical Defendants:*
a) All other defendants;
b) Tyree Thompson;
c) Representative(s) of Emerald;
d) Possible experts to be named;
e) Possible fact witnesses to be named;
f) Deputies employed at Iberia Parish Jail;
g) Individuals employed by or incarcerated at the Assumption Parish Detention Center at the time that Daquentin Thompson was incarcerated there and individuals employed by or incarcerated at other detention centers or other facilities where Daquentin Thompson was incarcerated or otherwise held;
h) Any other witness called by any of the other parties;
i) Any witness identified in the course of discovery in this matter; and
j) Any witness necessary for the purpose of authentication of any exhibit.

7. **Anticipated Expert Witnesses:**

*Anticipated Expert Witnesses for Plaintiff*:
Plaintiff has not yet determined experts.

*Anticipated Expert Witnesses for Iberia Parish:*
The Iberia Parish Government has not retained any experts to date but reserves the right to do so in the future should the need arise.

*Anticipated Expert Witnesses for Iberia Parish Sheriff's Office Defendants:*
The sheriff and the named deputies have not retained any experts as of this date.

*Anticipated Expert Witnesses for Medical Defendants:*
Emerald reserves the right to identify additional experts as discovery proceeds and in accordance with deadlines imposed by the Court.

8. **Anticipated Exhibit List:**

*Anticipated Preliminary Exhibit List for Plaintiff:*
    a) IPSO Incident Report / Investigation
    b) Daquentin Thompson Medical Records
    c) Contract for medical / mental health services between Emerald HealthCare Systems, Iberia Parish and IPSO
    d) Deposition testimony
    e) Expert Reports
    f) Documents produced during discovery
    g) Insurance Policies
    h) Copies of all pleadings and any and all exhibits cited or offered by any other party

*Anticipated Preliminary Exhibit List for Iberia Parish:*
    a) ISPO Incident Report
    b) Daquentin Thompson's Medical Records
    c) Daquentin Thompson's records from IPSO
    d) Daquentin Thompson's records from Assumption Parish Youth Detention Center
    e) Daquentin Thompson's education records
    f) All depositions taken in this matter
    g) All discovery and responses to same in this matter
    h) Agreement for General Health Services
    i) Request for Proposals for health services
    j) Proposals received in response to the Parish's Request for Proposals for Health Services
    k) Payments made for health services at the Iberia Parish Jail
    l) Iberia Parish due diligence documents regarding proposals for health services
    m) The Iberia Parish Government reserves its right to update this list as discovery proceeds

*Anticipated Preliminary Exhibit List for Iberia Parish Sheriff's Office Defendants:*
    a) Medical records of Daquentin Thompson while incarcerated in the Iberia Parish Jail
    b) Medical request forms prepared by Daquentin Thompson
    c) All discovery and responses to same in this matter
    d) All depositions taken in this matter
    e) Grand Jury indictment of Daquentin Thompson for aggravated rape
    f) Any and all exhibits listed by any other party hereto.

*Anticipated Preliminary Exhibit List for Medical Defendants:*
Emerald adopts plaintiff's anticipated exhibits and reserves the right to supplement as discovery proceeds and in accordance with deadlines imposed by the Court.

9. **Discovery Plan:**

The parties agree to the Court's standard case management discovery plan, with discovery to commence upon holding the Rule 26(f) conference. The parties stipulate to increase the deposition limit from ten (10) depositions to twenty (20) depositions per party. The parties stipulate to increase the interrogatory limit from twenty-five (25) interrogatories to thirty-five (35) interrogatories per party. The parties also agree that notice to one another pursuant to electronic means will establish effective service of all notices of depositions or discovery requests.

Absent stipulation or leave of Court, the parties recognize that the Court will enforce the limitations on discovery in the Federal Rules of Civil Procedure, including the rules limiting depositions to no more than twenty (20) per party, per stipulation of the parties as noted above [Fed R. Civ. P. 30(a)(2)]; limiting each deposition to one day of seven hours [Fed. R. Civ. P. 30(d)(2)]; and limiting interrogatories to no more than 35 per party, per the stipulation of the parties as noted above [Fed. R. Civ. P. 33(a)]. The parties should comply with these rules and the issues identified in Fed. R. Civ. P. 26(f)(1)-(4).

10. **Rule 16 Conference:**

At this time counsel for the parties agree that no conference is needed.

11. **Consent Trials:**

All parties do not consent to trial before the assigned magistrate judge. Plaintiff and defendant Emerald HealthCare Systems have both filed motions requesting a jury.

12. **Electronic Courtroom:**

Parties do not anticipate any specialized electronic equipment needs for presentation of evidence beyond the Visual Presenter and touch screen monitors in the courtroom.

13. **Handicap Provisions:**

At this time no handicap provisions are needed.

14. **Certification:**

The counsel of record cited above in question 1 certify that the 26(f) conference was held and this Rule 26(f) Report – Phase I is a joint submission to the Court.

  __/s/ Elizabeth Cumming_____
**ELIZABETH CUMMING**, (LSBN #31685)
316 S. Dorgenois Street
New Orleans, LA 70119
Tel. 504-822-4455

Fax. 504-822-4458
elizabeth.cumming@ecumminglaw.com

- AND -

 /s/ Stephen Haedicke
**STEPHEN J. HAEDICKE** (LSBN #30537)
Co-counsel for Plaintiff
639 Loyola Ave., # 1820
New Orleans, LA 70113
(504)525-1328 Telephone
(504)910-2659 Fax
haedickelaw@gmail.com

*Attorneys for Plaintiff*

   s/ Fred Schroeder
**FRED SCHROEDER** (LSBN 11828)
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
Tel. (504) 592-4600; Fax (504) 592-4641

*Attorney for Iberia Parish Sheriff's Office Defendants*

    s/ Catherine Landry
**CATHERINE M. LANDRY (LSBN 25750)**
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana 70509
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
E-Mail: clandry@preisplc.com

*Attorney for Iberia Parish*

     s/ Monica Frois
**MONICA A. FROIS (LSBN 20187)**
**MATTHEW C. JUNEAU (LSBN 33210)**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-8615
Facsimile: (504) 585 – 6915

*Attorneys for Emerald HealthCare Systems and Medical Defendants*